1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    JAMES MILLER, an individual; and                    CASE NO. 10-CV-421 - IEG (CAB)
      TONGA McMASTERS, an individual,
12                                                         ORDER GRANTING IN PART AND
                                          Plaintiffs,      DENYING IN PART MOTION TO
13              vs.                                        DISMISS [Doc. No. 19]

14    CALIFORNIA RECONVEYANCE
      COMPANY, a California corporation;
15    WASHINGTON MUTUAL BANK, a foreign
      corporation authorized to do business in
16    California; JP MORGAN CHASE BANK, a
      foreign corporation authorized to do business
17    in California; WAMU MORTGAGE PASS
      THROUGH CERTIFICATES SERIES 2007-
18    HY06 TRUST, an entity form unknown;
      FEDERAL DEPOSIT INSURANCE
19    CORPORATION, acting as receiver for
      Washington Mutual Bank; and DOES, 1
20    through 40 inclusive,

21                                        Defendants.

22

23

24           Currently before the Court is the Motion to Dismiss filed by Defendants JPMorgan Chase

25    Bank, N.A., an Acquirer of Certain Assets and Liabilities of Washington Mutual Bank From the

26    Federal Deposit Insurance Corporation Acting as Receiver ("JPMorgan"), California Reconveyance

27    Company ("CRC"), and Bank of America, N.A. as Successor by Merger to LaSalle Bank N.A.

28    ("BOA") (collectively, "Moving Defendants"). Plaintiffs filed a Statement of Non-Opposition to the

motion. Having considered the Moving Defendants' arguments, and for the reasons set forth below, the Court **GRANTS IN PART and DISMISSES IN PART** the motion.

## BACKGROUND

**I.      Factual background**

Plaintiffs own a home located at 2489 Wintergreen Lane, Fallbrook, CA 92028. On April 10, 2007, Plaintiffs obtained a loan from Washington Mutual Bank ("WaMu") in the amount of $1,416,000. The Deed of Trust, which was recorded on April 16, 2007, listed WaMu as the lender and Defendant CRC as the trustee. [Def. RJN, Ex. 1].

In September 2008, the Office of Thrift Supervision closed WaMu and appointed Defendant Federal Insurance Deposit Corporation ("FDIC") as receiver. On September 25, 2008, Defendant JPMorgan entered into a purchase and assumption agreement ("P & A Agreement") with the FDIC, acting in its corporate capacity as well as receiver for WaMu. [See Def. RJN, Ex. 5]. On August 21, 2009, JPMorgan recorded an Assignment of Deed of Trust, whereby it purported to assign all beneficial interest under the Deed of Trust in this case to Defendant BOA. [Def. RJN, Ex. 2].

Some time in early 2009, Plaintiffs began experiencing financial difficulties and decided to explore the option of refinancing the loan. Subsequently, Plaintiffs defaulted on their loan. On August 21, 2009, Defendant CRC, acting as an agent for the beneficiary, recorded a Notice of Default and Election to Sell under Deed of Trust relating to Plaintiffs' property. [Def. RJN, Ex. 3]. According to the Notice of Default, the amount in default as of August 20, 2009 was $39,075.99. On November 24, 2009, Defendant CRC recorded a Notice of Trustee's Sale with respect to Plaintiffs' property, setting December 14, 2009 as the date of the sale. [Def. RJN, Ex. 4]. On December 3, 2009, Plaintiffs wrote and sent a letter via certified mail to WaMu and CRC purporting to rescind the contract under TILA and Federal Reserve Regulation Z. [FAC, Ex. 1]. According to Plaintiffs, Defendants have not yet responded to their notice of rescission.

**II.     Procedural history**

Plaintiffs commenced this action on January 12, 2010, by filing a complaint in the Superior Court for the County of San Diego. On February 24, 2010, the Moving Defendants removed the case to this Court. The Moving Defendants then filed their first motion to dismiss on March 3, 2010. On

May 12, 2010, the Court denied as moot that motion to dismiss and granted Plaintiffs leave to file First Amended Complaint ("FAC"). The FAC alleges ten causes of action. The Moving Defendants then filed the present motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e). Plaintiffs filed a Statement of Non-Opposition. The Court subsequently took the motion to dismiss under submission without oral argument pursuant to the Civil Local Rule 7.1(d)(1).

### LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.544, 570 (2007). The court may dismiss a complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim." SmileCare Dental Group v. Delta Dental Plan of Cal., 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009) (citation omitted).

Despite the deference, the court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949-50 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950.

### DISCUSSION

The FAC alleges the following ten causes of action: (1) intentional misrepresentation; (2) breach of covenant of good faith and fair dealing; (3) declaratory relief; (4) quiet title; (5) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j, the Home Ownership and Equity Protection Act of 1994 (HOEPA), and Regulation Z, 12 C.F.R. § 226; (6) violations of California Business & Professions Code § 17200 et seq.; (7) fraud; (8) accounting; (9) wrongful foreclosure in violation of California Civil Code § 2923.5; and (10) inaccurate calculation of redemption amount in violation of California Civil Code § 2924c. The Court will address each one in turn.

I.      **Defendant JPMorgan's liability**

As initial matter, the Court addresses the Moving Defendants' argument that Plaintiffs cannot maintain any of the claims against Defendant JPMorgan because JPMorgan did not assume liability for borrower claims related to loans or commitments to lend made by WaMu when JPMorgan entered into the P & A Agreement with the FDIC regarding WaMu.

Under the Federal Deposit Insurance Act, 12 U.S.C. §§ 1811-1832(d), the FDIC may accept appointment as a receiver for any closed insured depository institution. 12 U.S.C. § 1821(c). As a receiver, "the FDIC . . . 'steps into the shoes' of the failed [financial institution]" and operates as its successor. O'Melveny & Myers v. F.D.I.C., 512 U.S. 79, 86 (1994); see also 12 U.S.C. § 1821(d)(2)(A)(i), (B)(i) (providing that when it becomes a receiver, the FDIC succeeds to "all rights, titles, powers, and privileges of the insured depository institution" and may "take over the assets of and operate the insured depository institution"). The FDIC then has "broad powers to allocate assets and liabilities," such as through a P & A Agreement. West Park Assocs. v. Butterfield Sav. & Loan Ass'n, 60 F.3d 1452, 1458-59. Absent an express transfer of liability, no liability is transferred from a failed bank to an assuming bank. See Kennedy v. Mainland Sav. Ass'n, 41 F.3d 986, 990-91 (5th Cir. 1994); Payne v. Sec. Sav. & Loan Ass'n, F.A., 924 F.2d 109, 111 (7th Cir. 1991); Williams v. F.D.I.C., No. CIV 2:07-2418 WBS GGH, 2009 WL 5199237, at *2 (E.D. Cal. Dec. 23, 2009).

In this case, the Office of Thrift Supervision closed WaMu on September 25, 2008, and appointed the FDIC as receiver. On the same date, JPMorgan entered into a P & A Agreement with the FDIC regarding WaMu.[1] (See Def. RJN, Ex. 5.) Section 2.5 of the P & A Agreement expressly provides that JPMorgan does not assume "any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower." Accordingly, the Court agrees that JPMorgan expressly disclaimed assumption of liability arising from borrower claims *pre-dating* the P & A Agreement. Thus, to the extent they deal with misconduct at the origination of the subject loan, the Court **DISMISSES WITH PREJUDICE** the

[1] The Court will take judicial notice of the P & A Agreement between JPMorgan and the FDIC, which is attached as Exhibit 5 to the Moving Defendants' Request for Judicial Notice, because this agreement is a matter of public record whose accuracy cannot reasonably be questioned. See FED. R. EVID. 201(a); Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).

first, second, fifth, and sixth causes of action against Defendant JPMorgan. On the other hand, the Moving Defendants have made no showing that the P & A Agreement was also meant to shield JPMorgan from any liability incurred following the Agreement. Accordingly, the Court will analyze separately the remaining claims to the extent they allege liability for acts after September 25, 2008.

**II.     Intentional misrepresentation**

Plaintiffs' first cause of action alleges Defendant WaMu defrauded Plaintiffs by falsely inflating Plaintiffs' stated income on the loan application to qualify Plaintiffs for the loan and by approving Plaintiffs for a loan that WaMu knew or should have known Plaintiffs could not afford. To the extent this claim is alleged against the Moving Defendants, it fails to state a claim because there are no allegations in the FAC that any of the Moving Defendants were involved in the origination of the loan. Accordingly, the Court **GRANTS** the motion to dismiss in this regard.

**III.     Breach of covenant of good faith and fair dealing**

Plaintiffs' second cause of action alleges Defendants breached an implicit covenant of good faith and fair dealing when they purposefully overstated Plaintiffs' income, failed to disclose material information in the loan application process, and failed to properly assign the contract to Defendant JPMorgan who thereafter attempted to act as the beneficiary of the contract and recorded a "wild deed"–i.e., a deed that is recorded outside the chain of title–in favor of Defendant BOA.

The second cause of action, however, fails to state a claim upon which relief can be granted. The implied covenant of good faith and fair dealing exists in every contract and "'is aimed at making effective the agreement's promises.'" Kransco v. Am. Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 400 (2000) (citations omitted). "'Broadly stated, that covenant requires that neither party do anything which will deprive the other of the benefits of the agreement.'" Freeman & Mills, Inc. v. Belcher Oil Co., 11 Cal. 4th 85 (1995) (citation omitted). However, the implied covenant "does not extend beyond the terms of the contract at issue." Poway Royal Mobilehome Owners Ass'n v. City of Poway, 149 Cal. App. 4th 1460, 1477 (2007) (citation omitted). In the present case, because the Moving Defendants were not the originators of the subject loan, they cannot be liable for any impropriety in overstating Plaintiffs' income or failing to disclose material information to Plaintiffs. Moreover, the Moving Defendants are not liable for any alleged failure to properly assign the contract to Defendant

JPMorgan because there is no indication that this was a specific obligation contemplated by the Deed of Trust, which is the only contract at issue. See Racine & Laramie, Ltd. v. Cal. Dep't of Parks & Recreation, 11 Cal. App. 4th 1026, 1031-32 (1992) (noting that the implied covenant "rests upon the existence of some specific contractual obligation" and there "is no obligation to deal fairly or in good faith absent an existing contract" (citations omitted)). In any event, in light of the P & A Agreement between JPMorgan and the FDIC regarding WaMu, there is little merit to Plaintiffs' argument that the Deed of Trust was improperly assigned to JPMorgan. (See Def. RJN, Ex. 5.)

Finally, to the extent Plaintiffs allege this as a *tort* claim for breach of covenant of good faith and fair dealing, it nonetheless fails because Plaintiffs cannot point to any "independent duty" between the parties. See Freeman & Mills, 11 Cal. 4th at 102 (concluding that, with the exception of insurance contracts, there can be no tort recovery for breach of the implied covenant of good faith and fair dealing, "at least in the absence of violation of 'an independent duty arising from principles of tort law'" (citation omitted)); accord  Bionghi v. Metropolitan Water Dist., 70 Cal. App. 4th 1358, 1370 (1999) ("[T]ort recovery for breach of the covenant is available only in limited circumstances, generally involving a special relationship between the contracting parties, such as the relationship between an insured and its insurer." (citation omitted)). Accordingly, the Court **GRANTS** the motion to dismiss in this regard and **DISMISSES WITH PREJUDICE** the second cause of action for breach of implied covenant of good faith and fair dealing against the Moving Defendants.

## IV.    Declaratory relief

Plaintiffs' third cause of action seeks declaratory relief concerning the parties' rights and duties with regard to the subject loan. Specifically, Plaintiffs allege an actual controversy has arisen as to whether Defendants violated TILA, such that Plaintiffs would be entitled to damages and rescission, and whether JPMorgan was properly assigned the subject Deed of Trust, and therefore whether any subsequent assignments by JPMorgan were valid. Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Declaratory relief, however, may be unnecessary where an adequate remedy exists under some other cause of action. See Mangindin v. Wash. Mut. Bank, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009).

1    Likewise, "[d]eclaratory relief should be denied when it will neither serve a useful purpose in

2    clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from

3    the uncertainty and controversy faced by the parties." <u>United States v. Washington</u>, 759 F.2d 1353,

4    1356-57 (9th Cir. 1985) (en banc) (per curiam) (citations omitted).

5         In the present case, Plaintiffs' request for declaratory relief appears to be redundant in the face

6    of the other causes of action, and it does not appear to be useful in clarifying the legal relations

7    between the parties. Specifically, Plaintiffs' request is identical to the relief sought in their fifth cause

8    of action (violations of TILA), fourth cause of action (quiet title), seventh cause of action (fraud), and

9    ninth cause of action (wrongful foreclosure). In other words, the resolution of these causes of action

10   would afford Plaintiffs the exact relief sought in their cause of action for declaratory relief.

11   Accordingly, the Court **GRANTS** the motion to dismiss in this regard.

12   **V.     Quiet title**

13        Plaintiffs' fourth cause of action alleges Defendants claim an interest adverse to Plaintiffs'

14   interest in the property, in the form of a deed of trust. According to Plaintiffs, the Deed of Trust is

15   invalid and void because Plaintiffs have already rescinded the loan and are "able and willing to tender

16   any and all amounts due to Defendants upon the condition that Defendants do likewise, as said

17   amounts are determined in a judgment by this Court." (FAC ¶ 58.) The Moving Defendants seek to

18   dismiss this cause of action because there was a valid assignment of the Deed of Trust from JPMorgan

19   to BOP, and because Plaintiffs have failed to demonstrate that the Deed of Trust is otherwise invalid.

20        The purpose of a quiet title action is "'to finally settle and determine, as between the parties,

21   all conflicting claims to the property in controversy, and to decree to each such interest or estate

22   therein as he may be entitled to.'" <u>Newman v. Cornelius</u>, 3 Cal. App. 3d 279, 284 (1970) (quoting

23   <u>Peterson v. Gibbs</u>, 147 Cal. 1, 5 (1905)). Quiet title claims are governed by Section 761.020 of the

24   California Code of Civil Procedure, which provides that a complaint to quiet title "shall be verified,"

25   and requires it to include all of the following:

26           (a) A description of the property that is the subject of the action. In the case of tangible
             personal property, the description shall include its usual location. In the case of real
27           property, the description shall include both its legal description and its street address
             or common designation, if any.
28
             (b) The title of the plaintiff as to which a determination under this chapter is sought

and the basis of the title. If the title is based upon adverse possession, the complaint shall allege the specific facts constituting the adverse possession.

(c) The adverse claims to the title of the plaintiff against which a determination is sought.

(d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.

(e) A prayer for the determination of the title of the plaintiff against the adverse claims.

CAL. CIV. PROC. CODE § 761.020.

In this case, Plaintiffs have failed to demonstrate why they are entitled to quiet title with respect to Defendants JPMorgan and CRC. First, with respect to JPMorgan, this cause of action fails because JPMorgan no longer claims any interest in the Deed of Trust, having already assigned all of its interest to Defendant BOA. (See Def. RJN, Ex. 2.) Similarly, with respect to Defendant CRC, this cause of action fails because CRC was merely the foreclosing trustee and does not claim any interest under the Deed of Trust. Accordingly, the Court **GRANTS** the motion to dismiss in this regard.

On the other hand, Plaintiffs state a valid claim with respect to Defendant BOA. As initial matter, there is little basis to Plaintiffs' argument that BOA's interest in the Deed of Trust is invalid because JPMorgan never had any beneficial interest under the Deed of Trust to assign. As already mentioned, JPMorgan acquired a valid interest in the Deed of Trust pursuant to the P & A Agreement with the FDIC. (See Def. RJN, Ex. 5.) Nonetheless, there is merit to Plaintiffs' argument that they are entitled to quiet title due to their rescission of the loan. If Plaintiffs succeed on their TILA claim for rescission, and if they are entitled to the extended three-year period under TILA, that would make proper their December 3, 2009 notice of rescission. (See FAC, Ex. A.) Accordingly, because Plaintiffs' quiet title claim alleges sufficient facts upon which relief can be granted, the Court **DENIES** the motion to dismiss as it relates to Defendant BOA.

## VI.    TILA and HOEPA claims

Plaintiffs' fifth cause of action alleges violations of TILA, HOEPA, and Regulation Z. Specifically, Plaintiffs allege WaMu's lending to Plaintiffs based on collateral, without regard to repayment ability, is part of a pattern or practice of lending and violates 15 U.S.C. § 1639(h), entitling Plaintiffs to actual and statutory damages under 15 U.S.C. § 1640(a). Plaintiffs also allege that

1   Defendants' failure to deliver all material disclosures required by TILA extends Plaintiffs' right to
2   rescind the transaction until up to three years after its consummation. According to Plaintiffs, these
3   TILA violations also were "apparent on the face of the disclosure" pursuant to 15 U.S.C. § 1641.
4   Finally, Plaintiffs allege the above actions also violated requirements of HOEPA and Regulation Z.

5           A.      TILA claim for rescission

6           Section 1635 governs the borrower's right under TILA to rescind a "consumer credit
7   transaction . . . in which a security interest . . . is or will be retained or acquired in any property which
8   is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1635(a).
9   While the borrower's right of rescission must normally be exercised within a three-day period, TILA
10  extends that period to three years where the lender fails to provide the borrower with certain "material
11  disclosures"[2] or with the notice of the right to cancel. See id. § 1635(f); 12 C.F.R. § 226.23(a)(3).

12          In the present case, the allegations in the Complaint are sufficient to extend the limitations
13  period to three years. First, Plaintiffs allege the loan failed to state the date the rescission expires or
14  the date that the right to rescission begins, and that they were not provided with the requisite number
15  of rescission disclosures, in violation of 12 C.F.R. § 226.23(a)(3). (FAC ¶¶ 29(a)(1), 70.) If proven,
16  this would extend Plaintiffs' right to rescind to three years. See 12 C.F.R. § 226.23(a)(3). Second,
17  Plaintiffs allege the finance charge in the Truth-In-Lending Disclosure was understated by $4,066.42.
18  If proven, this would also extend Plaintiffs' right to rescind to three years. See id.

19          Finally, the Court rejects the Moving Defendants' argument that Plaintiffs must establish an
20  "unconditional ability to tender" for their rescission claim under TILA to survive. (See Def. MTD, at
21  12.) Section 1635(b) governs the rescission-tender sequence and expressly provides for "[r]eturn of
22  money or property *following* rescission." 15 U.S.C. § 1635(b) (emphasis added). The Ninth Circuit,
23  however, has held that the district court has the ability to modify this sequence and require the
24  borrower to allege tender prior to rescission. See Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1170
25  (9th Cir. 2003). The decision on whether to depart from the rescission-tender sequence is left to the

26
27          [2] The term "material disclosures" means "the required disclosures of the annual percentage
28  rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the
    disclosures and limitations referred to in §§ 226.32(c) and (d) and 226.35(b)(2)." 12 C.F.R. §
    226.23(a)(3) n.48.

10cv421-IEG (CAB)

1   discretion of the district court, and must be approached on a "case-by-case basis." Id. at 1173

2   (concluding the district court did not abuse its discretion in reversing the rescission-tender sequence

3   where it was "clear from the evidence that the borrower lacks capacity to pay back what she has

4   received"). In this case, Defendants have not alleged any facts that would persuade the Court to alter

5   the statutorily-provided sequence. In any event, even if the Court was inclined to alter the sequence,

6   Plaintiffs have alleged that they "are willing and able and hereby offer to tender any and all amounts

7   due to any Defendant, upon condition that Defendant does likewise, as the amounts are determined

8   in judgment by this Court." (FAC ¶¶ 41, 58.) The Court finds this allegation to be sufficient at this

9   stage of the proceedings.[3] See Ramanujam v. Reunion Mortg., Inc., No. 5:09-cv-03030-JF, 2010 WL

10  668036, at **4-5 (N.D. Cal. Feb. 19, 2010) (finding sufficient plaintiff's allegation that he "'is ready,

11  willing and able to tender back to defendants whatever amount due them under the Truth in Lending

12  Act, once such amount is determined. Presently, that amount is not known.'")

13          B.      TILA claim for damages and HOEPA claim

14          On the other hand, Plaintiffs' TILA claim for damages and the HOEPA claim are clearly

15  barred on the face of the complaint. Claims for damages under TILA must be commenced within one

16  year following the date of the alleged violation. See 15 U.S.C. § 1640(e); see also Lynch v. RKS

17  Mortgage Inc., 588 F. Supp. 2d 1254, 1259 (E.D. Cal. 2008). As a subset of TILA, the HOEPA claims

18  are subject to the same statute of limitations. See Anderson v. Wells Fargo Home Mortg., Inc., 259

19  F. Supp. 2d 1143, 1148 (W.D. Wash. 2003) ("Both TILA and HOEPA contain clear one-year statutes

20  of limitations."). The date of violation refers to the date of the consummation of the transaction, unless

21  the doctrine of equitable tolling applies. King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986). In

22  the present case, because the loan transaction took place on April 10, 2007, but the complaint was not

23  filed until January 12, 2010, the running of the statute of limitations on Plaintiffs' TILA claim for

24  damages and HOEPA claim is clear on the face of the complaint.

25  _____

26          [3] The Court's conclusion is not in conflict with Lal v. Am. Home Servicing, Inc., 680 F. Supp.
    2d 1218, 1222 (E.D. Cal. 2010), relied upon by the Moving Defendants, where the district court found
27  inadequate an allegation of tender that was conditioned on plaintiffs recovering damages against
    defendants and was also styled as more of "a threat rather than a tender offer." As noted above, in this
28  case, Plaintiffs indicate they are able and willing to tender whatever amount the Court determines to
    be appropriate. (See FAC ¶¶ 41, 58.) This allegation is much less "tenuous" and "conditional" than
    the one rejected in Lal, 680 F. Supp. 2d at 1222.

Moreover, Plaintiffs are not entitled to equitable tolling because they have not carried their burden of showing that it applies in this context. Plaintiffs had all of the information they needed to discover and bring an action regarding the alleged wrongs when the loan transaction closed, and they have not alleged that they were prevented in any way from doing so. See Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (concluding that plaintiff was not entitled to tolling where "nothing prevented [her] from comparing the loan contract, [defendant's] initial disclosures, and TILA's statutory and regulatory requirements" (citing King, 784 F.2d at 915)). Accordingly, because Plaintiffs' TILA claim for damages and HOEPA claims are time-barred on the face of the complaint, they both fail to state a claim for relief that is plausible on its face. See Twombly, 550 U.S. at 570.

For the foregoing reasons, the Court **GRANTS IN PART** the motion to dismiss and **DISMISSES WITH PREJUDICE** the TILA claim for damages and the HOEPA claim. On the other hand, the Court **DENIES IN PART** the motion to dismiss as to the TILA claim for rescission.

## VII.    Violations of California Business & Professions Code § 17200

Plaintiffs' sixth cause of action alleges Defendants engaged in unlawful, unfair, and fraudulent business practices in violation of California Business & Professions Code § 17200. According to Plaintiffs, Defendants violated Section 17200 by doing the following: (1) fraudulently underwriting and failing to take into consideration Plaintiffs' ability to repay the loan; (2) self-dealing at the expense of borrowers in an attempt to deprive Plaintiffs of their equity in the property; (3) violating state lending laws and California Financial Code § 4052; and (4) making illegal assignments of the Deed of Trust and proceeding with an illegal trustee's sale of the property. (FAC ¶ 73.)

Section 17200 defines unfair competition as "any unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17200. Because the statute is written in the disjunctive, it prohibits three separate types of unfair competition: (1) *unlawful* acts or practices, (2) *unfair* acts or practices, and (3) *fraudulent* acts or practices. Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).

As an initial matter, the Court rejects the Moving Defendants' argument that Plaintiffs lack standing, which is a prerequisite for a private plaintiff to bring suit under § 17200. See Californians For Disability Rights v. Mervyn's, LLC, 39 Cal. 4th 223, 232-33 (2006). A private person has

standing to assert an unfair competition claim only if he or she "has suffered injury in fact" and "has lost money or property as a result of the unfair competition." CAL. BUS. & PROF. CODE § 17204. In this case, accepting Plaintiffs' allegations as true, they have adequately pled that they suffered an injury and lost money as a direct result of Defendants' actions. See, e.g., Sullivan v. Wash. Mut. Bank, FA, No. C-09-2161 EMC, 2009 WL 3458300, at **4-5 (N.D. Cal. Oct. 23, 2009) (concluding that the initiation of foreclosure proceedings put the plaintiff's interest in her property sufficiently in jeopardy to allege an injury under § 17200); Rabb v. BNC Mortgage, Inc., CV 09-4790 AHM (RZx), 2009 WL 3045812, at *2 (C.D. Cal. Sept. 21, 2009) (same).

Nonetheless, the Court agrees that Plaintiffs' claim fails because they have not alleged the underlying facts with required particularity. A plaintiff alleging unfair business practices under Section 17200 "must state with reasonable particularity the facts supporting the statutory elements of the violation." Fortaleza, 642 F. Supp. 2d at 1019 (internal quotation marks and citation omitted); see also Khoury v. Maly's of Cal., 14 Cal. App. 4th 612, 619 (1993). In the present case, Plaintiffs' sixth cause of action fails to differentiate between the different Defendants and also fails to explain *how* Defendants' actions were unlawful, unfair, and/or fraudulent. This is insufficient to provide Defendants with notice of the claims against them. See Fortaleza, 642 F. Supp. 2d at 1020 (dismissing a Section 17200 claim where the plaintiff failed to allege "with 'reasonable particularity' the facts surrounding any purportedly fraudulent statements made by defendants-i.e., the who, what, where, and when of such statements"). Accordingly, the Court **GRANTS** the motion to dismiss in this regard and **DISMISSES WITH LEAVE TO AMEND** Plaintiffs' cause of action for violation § 17200.

## VIII.   Fraud

Plaintiffs' seventh cause of action alleges a fraud claim against all Defendants. First, Plaintiffs allege Defendant WaMu had a duty to accurately and honestly disclose the material terms of the loan to Plaintiffs and to make sure Plaintiffs understood those terms. (FAC ¶ 78.) Next, Plaintiffs allege Defendants are liable for fraud because they represented to Plaintiffs that the loan had been assigned from WaMu to JPMorgan and then later to BOA, while in fact JPMorgan never had any beneficial interest under the Deed of Trust. (FAC ¶¶ 83, 85-86.) Finally, Plaintiffs allege Defendant CRC seeks to perform an illegal trustee's sale under the false authority of the assignment stemming from the

1    "wild deed" purportedly assigning the Deed of Trust from JPMorgan to BOA. (FAC ¶ 84.)

2           To recover for common law fraud under California law, Plaintiffs must demonstrate: (1)

3    misrepresentation, (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable reliance, and (5)

4    resulting damage. <u>Lazar v. Super. Ct.</u>, 12 Cal. 4th 631, 638 (1996). Moreover, Rule 9(b) of Federal

5    Rules of Civil Procedure requires allegations of fraud or mistake to be stated "with particularity." In

6    the Ninth Circuit, this rule "has been interpreted to mean the pleader must state the time, place and

7    specific content of the false representations as well as the identities of the parties to the

8    misrepresentation." <u>Misc. Serv. Workers, Drivers & Helpers v. Philco-Ford Corp.</u>, 661 F.2d 776, 782

9    (9th Cir.1981) (citations omitted); <u>see also</u> <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th

10   Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of

11   the misconduct charged." (citation omitted)). Thus, where multiple defendants are involved, "a

12   plaintiff must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'"

13   <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 765 (9th Cir. 2007) (quotation omitted).

14          In the present case, Plaintiffs fail to identify who they talked to, what specifically was

15   promised, and why there was any knowledge of falsity. Moreover, as already noted, Plaintiffs fail to

16   differentiate between the different Defendants. As such, the seventh cause of action fails to comply

17   with Rule 9(b) because it is not "specific enough to give defendants notice of the particular

18   misconduct so that they can defend against the charge and not just deny that they have done anything

19   wrong." <u>See</u> <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation and internal

20   quotation marks omitted); <u>Vess</u>, 317 F.3d at 1106 (citation and internal quotation marks omitted).

21          More importantly, it is unlikely Plaintiffs can amend this cause of action to allege a valid fraud

22   claim against the Moving Defendants. For example, to the extent the seventh cause of action alleges

23   misrepresentations at the origination of the loan, it fails to state a claim against the Moving Defendants

24   because they were not involved in the origination of the subject loan. Similarly, because JPMorgan

25   acquired a valid interest in the Deed of Trust pursuant to the P & A Agreement with the FDIC, (<u>see</u>

26   Def. RJN, Ex. 5), there is little merit to Plaintiffs' argument that the assignment from JPMorgan to

27   BOA was invalid. Accordingly, the Court **GRANTS** the motion to dismiss in this regard and

28   **DISMISSES WITH PREJUDICE** the seventh cause of action as against the Moving Defendants.

1    **IX.     Accounting**

2          Plaintiffs' eighth cause of action alleges that an accounting is necessary because the amount

3    of money due, if any, from Plaintiffs to Defendants or from Defendants to Plaintiffs is unknown. To

4    be entitled to an accounting, a plaintiff must demonstrate at least one of the following: a breach of

5    fiduciary duty, fraud, or that the accounts are complicated and there is a dispute as to whether the

6    money is owed. See, e.g., Union Bank v. Super. Ct., 31 Cal. App. 4th 573, 593-94 (1995) (citing

7    cases). In this case, Plaintiffs attempt to base their accounting action on the uncertainty as to the

8    amounts due to respective parties. However, while Plaintiffs allegedly owe Defendants a certain

9    amount in arrears on the underlying mortgages, Plaintiffs fail to adequately allege that any funds are

10   owed *to them*. Accordingly, Plaintiffs fail to state a cause of action for accounting. See Rodriguez v.

11   Litton Loan Serv. LP, No. 2:09-cv-00029-MCE-DAD, 2009 WL 1326339, at *3 (E.D. Cal. 2009);

12   Union Bank, 31 Cal. App. 4th at 594 (citing cases).

13         Moreover, an accounting is not an independent cause of action, but instead a form of equitable

14   relief. Batt v. City & County of S.F., 155 Cal. App. 4th 65, 82 (2007). Accordingly, the Court

15   **GRANTS** the motion to dismiss and **DISMISSES WITH PREJUDICE** the eighth *cause of action*

16   for accounting. Plaintiffs' request for an accounting as a *remedy*, however, remains viable–provided

17   Plaintiffs are successful on the merits of one of their other causes of action.

18   **X.     Wrongful foreclosure**

19         Plaintiffs' ninth cause of action alleges that Defendants are not entitled to foreclose upon their

20   property because there was no proper assignment of the Deed of Trust from JPMorgan to BOA.

21   Plaintiffs base their claim on a purported violation of California Civil Code § 2932.5, which provides

22   that the power of sale may be exercised by the assignee of the note and the deed of trust "if the

23   assignment is duly acknowledged and recorded." In the present case, however, the assignment from

24   JPMorgan to BOA *was* properly acknowledged and recorded. (See Def. RJN, Ex. 2.) Moreover, to the

25   extent Plaintiffs allege lack of proper assignment from WaMu to JPMorgan, the Court has already

26   determined there is little basis to this claim because JPMorgan acquired a valid interest in the Deed

27   of Trust pursuant to the P & A Agreement with the FDIC. (See Def. RJN, Ex. 5.) In any event, Section

28   2932.5, which deals with the "power of sale" of the assignee, appears to be an improper vehicle to

attack a purported lack of proper *assignment* from WaMu to JPMorgan. Accordingly, the Court **GRANTS** the motion to dismiss in this regard and **DISMISSES WITH PREJUDICE** the wrongful foreclosure claim to the extent it is based on a violation of California Civil Code § 2932.5.

**XI.  Inaccurate calculation of redemption amount**

Plaintiffs' tenth cause of action alleges that the Notice of Default misstated by $6,956.89 the amount necessary to cure the default in violation of California Civil Code § 2924c. According to Plaintiffs, if the correct amount would have been included in the Notice of Default, then they would have cured the default and would have avoided the foreclosure sale and the loss of their home. Courts, however, have rejected claims of deficient notice where no prejudice was suffered as the result of a procedural irregularity. <u>Knapp v. Doherty</u>, 123 Cal. App. 4th 76, 94 (2004); <u>accord</u> <u>Pantoja v. Countrywide Home Loans, Inc.</u>, 640 F. Supp. 2d 1177, 1186-87 (N.D. Cal. 2009) (dismissing plaintiff's wrongful foreclosure claim based on deficiency of notice of default where plaintiff failed to show that he was prejudiced by defendant's failure to properly identify the beneficiary, as required by Cal. Civ. Code § 2924c(b)(1)). In the present case, Plaintiffs allege in a conclusory manner that they would have cured the default had the Notice of Default listed the correct redemption amount. (FAC ¶ 109.) However, Plaintiffs fail to demonstrate that they either attempted or were even able to pay the lesser amount of $32,119.10. In the absence of any additional facts, the Court is not entitled to accept as true Plaintiffs' conclusory allegations of their ability to redeem. <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949. Accordingly, because Plaintiffs have failed to show how they were prejudiced by the inflated amount in the Notice of Default, the Court **GRANTS** the motion to dismiss in this regard and **DISMISSES WITH LEAVE TO AMEND** the tenth cause of action.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** the Moving Defendants' motion to dismiss. Specifically, the Court ORDERS as follows:

-    The following causes of action are **DISMISSED WITH PREJUDICE**: (1) the first, second, and third causes of action as to all Moving Defendants; (2) the fourth cause of action for quiet title as to Defendants JPMorgan and CRC; (3) the fifth and sixth causes of action as to Defendant JPMorgan; (4) the fifth cause of action as to Defendants CRC and BOA to the extent it alleges a TILA

1  claim for damages and a HOEPA claim; and (5) the seventh, eighth, and ninth causes of action as to

2  all Moving Defendants.

3     -   The following causes of action are **DISMISSED WITH LEAVE TO AMEND**: (1)

4  the sixth cause of action for violation of California Business & Professions Code § 17200 as to

5  Defendants CRC and BOA; and (2) the tenth cause of action for inaccurate calculation of redemption

6  amount as to all Moving Defendants.

7     -   The motion to dismiss is **DENIED** as to the following causes of action: (1)  the fourth

8  cause of action for quiet title as to Defendant BOA; and (2) the fifth cause of action as to Defendants

9  CRC and BOA to the extent it alleges a TILA claim for rescission.

10  If Plaintiffs wish to file an amended complaint, they should do so **within 21 days** of the filing

11  of this Order. The amended complaint should only make the revisions discussed above, should omit

12  any claims against Defendant JPMorgan that stem from the origination of the subject loan, should be

13  a complete document without reference to any prior pleading, and should not add any new causes of

14  action.

15  **IT IS SO ORDERED.**

16

17  DATED:  July 22, 2010

18  _____
    IRMA E. GONZALEZ, Chief Judge

19  United States District Court

20
21
22
23
24
25
26
27
28